IMMUNO INTERNATIONAL,
A.G., Appellant,

as successor in interest to Automated
Medical Laboratories, Inc., Plaintiff,

v.

**HILLSBOROUGH COUNTY, FLORIDA**
and Hillsborough County Health
Department, Defendants-Appellees.

No. 83–3014.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1985.

Larry A. Stumpf, Miami, Fla., for appellant.

Richard Landfield, Washington, D.C., for amicus Blood Resources Assoc. & FL Assoc. of Plasmapheresis Establishments.

Deolores D. Menendez, Emeline C. Acton, Tampa, Fla., Gwenda J. Kelley, Baltimore, Md., for defendants-appellees.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before FAY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

In our earlier opinion, we held that certain Ordinances of the County of Hillsborough, Florida were void as having been preempted by Federal Statutes and Regulations controlling the collection of human blood plasma from paid donors.[1] We did not, therefore, reach other contentions by Automated Medical challenging the legality of the Hillsborough County Ordinances and Regulations issued thereunder.

The Supreme Court's order in the case was as follows:

We hold that Hillsborough County Ordinances 80–11 and 80–12, and their implementing regulations, are not preempted by the scheme for federal regulation of plasmapheresis. The judgment of the Court of Appeals for the Eleventh Circuit is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

Thereafter, we issued an Order inviting the parties to file supplemental briefs touching on whatever issues they considered to be

---

1. *See Automated Medical Laboratories, Inc. v. Hillsborough County,* 722 F.2d 1526 (11th Cir. 1984), for the background and statement of the case.

still before this Court following the Supreme Court's decision, 767 F.2d 748. In response to that Order, Automated filed its brief in which it presented the Statement of the Issues as follows:

1.   Were the donor registration and local reporting requirements of Hillsborough County Ordinance 80–12 ("Ordinance 80–12") and the Rules and Regulations promulgated pursuant to Hillsborough County Ordinance 80–12 (the "County Regulations") enacted for a legitimate local purpose?

(The District Court answered in the affirmative [Finding of Fact No. 6, 371–32; Conclusion of Law No. 3, 375]).[1]

2.   Do the donor registration and local reporting requirements of Ordinance 80–12 and the County Regulations impose upon interstate commerce an economic burden which is clearly excessive in relation to their putative local benefits?

(The District Court answered in the negative [Finding of Fact No. 5, 370–371; Conclusion of Law No. 3, 375–376].)

3.   Could the local interests served by the donor registration and local reporting requirements of Ordinance 80–12 and the County Regulations be promoted as well with a lesser impact on interstate commerce?

(The District Court answered in the negative [Finding of Fact No. 372–373; Conclusion of Law No. 3, 375–376].)

4.   Is the burden imposed upon interstate commerce by the donor registration and local reporting requirements of Ordinance 80–23 and the County Regulations constitutionally permissible?

(The District Court answered in the affirmative [Conclusion of Law No. 3, 375–376].)

---

[1] Numbers are references to pages of the Record on Appeal; pages of the trial transcript are identified by the prefix "TR"; plaintiff's trial exhibits are identified by the prefix "PX".

The parenthetical material was in the original statement.

The County's brief responded to these contentions and adhered to its argument on cross-appeal when the case was previously before us to the effect that the trial court's determination that Section 7 of Ordinance 80–12 and Section 4 of the Rules and Regulations were invalid because imposing an excessive burden on interstate commerce was erroneous and should be reversed.

## I.   STANDARD OF REVIEW

As is indicated under the Statement of the Issues, *supra,* the Court's ruling in each instance was based upon a finding of fact.   The Supreme Court in this case restated the well-known doctrine:

These findings of fact can be set aside only if they are clearly erroneous, Fed.R. Civ.P. 52(a), *see Anderson v. Bessemer City,* 470 U.S. [——] [105 S.Ct. 1504, 84 L.Ed.2d 518] (1985) and hence, come to us with a strong presumption of validity. —— U.S. ——, ——, 105 S.Ct. 2371, 2379, 85 L.Ed.2d 714 (1985).

## II.   DISCUSSION

■   As to Automated's contention that the Ordinances were not adopted for a valid public purpose, we refer to the trial court's finding of fact:

Much of the testimony at trial concerned the intent of the County Commissioners in enacting the ordinances. Plaintiff attempted to demonstrate that the ordinances were enacted in response to the social problems caused by inebriates and vagrants frequenting the area around the plasma centers.   Plaintiff argues that the purpose of the regulations was to eliminate plasmapheresis centers from Hillsborough County by imposing severe economic burdens on their operations.   Plaintiff failed to prove, however, that the legislative intent was anything other than that articulated in Ordinance 80–12—to register and to identify vendors and to supplement and extend the federal regulations and their purposes.

This finding disposes of appellant's first contention.

■   On the subject of appellant's second contention, the trial court made the following finding of fact:

At trial, officers of the Plaintiff corporation attempted to establish the cost to

Plaintiff of compliance with the ordinances. Their figures, however, were clouded with speculation. Mr. Dennis Healey, for instance, testified about a document he prepared (Exhibit 20) showing estimates of implementation costs. Except for the cost of the new fees, implemented by the Hillsborough County Health Department, the other estimated increased vendor population would decrease by twenty-five percent once the ordinances were enforced, primarily because the cost and inconvenience of obtaining the Health Department identification card would discourage new vendors. Mr. Healey, however, testified to no facts on which he based his opinion.

The Court then made the following conclusions of law:

(3) Hillsborough County Ordinance 80-11 and the rules and regulations promulgated thereunder do not place an impermissible burden on interstate commerce.... The remainder of Hillsborough County Ordinance 80-12 and the rules and regulations pursuant to Hillsborough County Ordinance 80-12 do not place an impermissible burden on interstate commerce.

These findings are unassailable on review.

Referring to appellant's contention No. 3, it is clear that the findings of fact quoted above are dispositive of this contention as well. Finally, with respect to the last contention made by appellant here, whether the Ordinances meet the constitutional test as established by the Supreme Court in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174, the trial court's conclusion that the Ordinances met that standard, was based upon the same findings of fact we have heretofore discussed. In *Pike*, the Court said:

Where the statute regulates evenhandedly to effect a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to putative public benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.

*Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970).

It is apparent that the trial court applied this test, as it quoted the same language. The court's findings of fact are not clearly erroneous and its conclusions therefrom are not in error, and must be affirmed.

### III. THE CROSS-APPEAL

As to the cross-appeal, the appellee is hoist by its own petard. Arguing forcibly that the trial court's findings of fact in their favor are irreversible under the rule which is universally applied to findings of fact, the appellees must nevertheless attack the trial court's findings of fact in order to bring about a reversal of the court's decision that Section 7 and Hillsborough County Ordinance 80-12 and Section 4 of the Rules and Regulations pursuant to that Ordinance "impose(d) an impermissible burden on interstate commerce." This they cannot do.

The judgment of the trial court is AFFIRMED on both appeal and cross-appeal.